| | |
|---|---|
| 1 | **CAMPBELL AND COOMBS, P.C.** |
| | 1811 S. Alma School Road, Suite 225 |
| 2 | Mesa, Arizona 85210 |
| | (480) 839-4828 - Telephone |
| 3 | (480) 897-1461 - Facsimile |
| 4 | Harold E. Campbell |
| | State Bar No. 005160 |
| 5 | Attorney for Debtors |

**IN THE UNITED STATES BANKRUPTCY COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Chapter 13 Proceeding |
| ANTHONY JOHNSON and JULIE JOHNSON | Case No. 09-09097-RJH |
| Debtors. | |
| ANTHONY JOHNSON and JULIE JOHNSON | Adversary No. 09-ap-01137-RJH |
| Plaintiffs | |
| vs. | |
| PHH MORTGAGE CORPORATION, | |
| Defendant. | |

**COMPLAINT**

Plaintiffs, Anthony and Julie Johnson, by and through their attorneys, Campbell & Coombs, P.C., hereby state for their complaint as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; 11 U.S.C. § 506(a), 11 U.S.C. § 1123(b)(5) and Rule 7001 et seq. Rules of Bankruptcy Procedure. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157 § (b)(2)(B), and 157 (b)(2)(K).

2. Plaintiffs reside in Maricopa County, Arizona and are the Debtors in the above captioned Chapter 13 Proceeding.

3. Defendant, PHH Mortgage Corporation ("PHH"), upon information and belief, is licensed to do, write and make residential mortgage loans in the State of Arizona.

4. Plaintiffs filed a voluntary Chapter 13 petition on April 30, 2009 in the District of Arizona Case No. 09-09097-RJH

5. Plaintiffs, at the time of the filing of their case, were the owners of certain real property located at 2611 N. NEBRASKA STREET, Chandler, Arizona 85225 (the "Property") with a legal description as follows:

> Lot 105, Dave Brown Unit Two, According to Book 213 of Maps, Page 35, And an Affidavit of Correction Recorded in Docket 14204, Page 765, Records of Maricopa County, Arizona.

6. The Plaintiff believes that the Property is worth $175,000.00 based on an appraisal dated March 19, 2009.

7. The Property is subject to a first mortgage lien in favor of PHH Mortgage Corporation which was duly recorded. The payoff to PHH Mortgage Corporation for the first mortgage as of May 19, 2009 was $220,000.00.

8. Plaintiff asserts that after applying the first mortgage lien of PHH that there is no equity remaining for which PHH's second mortgage lien to attach to.

| | |
|---|---|
| Appraised Value of the Property | $175,000.00 |
| Less: First Mortgage Lien | $220,000.00 |
| Available Equity for Second Lien | ($45,000.00) |

10. Plaintiffs assert that pursuant to 11 U.S.C. §§506(a)(1) and 506(d), Defendant's claim is totally unsecured and its lien (Deed of Trust) upon the Debtors' real property is void.

**WHEREFORE,** Plaintiffs pray that this Court find in favor of the Plaintiffs and Order the following:

    a. That there is insufficient equity for Defendant's second mortgage lien to attach and that Defendant's second mortgage lien is totally unsecured and void.

    b. That this Court order the Defendant to cancel and release the second mortgage lien on the residential real estate of the Debtors pursuant to 11 U.S.C. Section

506(d), immediately upon the entry of the Discharge Order and deliver a copy of the release to the attorney for the Debtors within 20 days form the date of the discharge at no charge or fee for the release and delivery.

    c.    That the Order of this Court may be recorded and the same shall have the effect of voiding the lien on the public records.

    d.    That Plaintiffs recover any relief that this Court deems justified and appropriate.

]RESPECTFULLY SUBMITTED 4th day of September, 2009

                      CAMPBELL & COOMBS, P.C.

                      By:   /s/ HEC 005160
                              Harold E. Campbell
                              Attorney for Movant